# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES
### v.
### Sidney R. TAYLOR
### Seaman, U.S. Coast Guard

## CGCMG 0134
## Docket No. 1094

## 8 February 1999

General Court-Martial convened by Commander, Maintenance and Logistics Command Pacific. Tried at Naval Legal Service Office, Pearl Harbor, Hawaii, on 23 July 1997.

```
Military Judge:                    CDR Peter J. Straub, JAGC, USN
Trial Counsel:                     LT Sean Gill, USCG
Detailed Defense Counsel:          LT Mark Holley, JAGC, USNR
Appellate Defense Counsel:         LT Sandra K. Selman, USCGR
Appellate Government Counsel:      LT Benes Z. Aldana, USCGR
```

BEFORE
PANEL TWO
BAUM, KANTOR, McCLELLAND
Appellate Military Judges

PER CURIAM:

Appellant was tried by a general court-martial before a military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of the following offenses: one specification of attempted larceny; two specifications of unauthorized absence; one specification of failure to obey a lawful general order prohibiting possession of drug paraphernalia; three specifications of wrongful use of a controlled substance, of which two of the specifications were for cocaine and one for marijuana; twenty-one specifications of larceny of money totaling $4,345; and sixty-four specifications of making checks totaling $6,862.20 without sufficient funds, in violation of Articles 80, 86, 92, 112a, 121, and 123a of the Uniform Code of Military Justice (UCMJ), respectively. The judge sentenced Appellant to reduction to pay grade E-1, confinement for forty months, and a bad conduct discharge. The convening authority approved the sentence as adjudged, but, pursuant to the terms of the pretrial agreement, suspended all confinement in excess of two years for twelve months from the date of that action. Before this Court, Appellant has assigned one error, asserting that he was denied the effective assistance of counsel when defense counsel failed to move for dismissal of certain specifications based on multiplicity prior to sentencing and also by defense counsel s failure to object to evidence offered by trial counsel at the sentencing stage that included uncharged misconduct.

As the Government points out, Appellant s defense counsel raised the multiplicity issue at the outset of trial and

was successful in persuading the military judge to dismiss 65 specifications alleging the uttering of bad checks. Although counsel had asserted that the making of these checks and the larceny specifications were also multiplicious, the judge ruled against him on that issue, finding that these specifications were not multiplicious for either findings or sentence. Record at 22 and 31. Given that determination, counsel did not formally move for dismissal again, but in his argument on sentence he did ask the judge to consider each larceny and check offense as one and the same occurrence when determining appropriate punishment, despite the judge s earlier ruling on multiplicity. Record at 187.

Appellant also faults trial defense counsel for not objecting to three documents offered in evidence by the trial counsel at the sentencing stage. Appellant asserts that these documents included uncharged misconduct totally unrelated to any offenses to which he had been found guilty. Citing *U.S. v. Wingart*, 27 M.J. 128 (C.M.A. 1988), Appellant contends that uncharged misconduct is irrelevant and not admissible at sentencing unless it falls within the definition and purview of R.C.M. 1001(b)(4). That particular court-martial rule applies to matters submitted in aggravation and Appellant correctly cites *Wingart* for the proposition that uncharged misconduct offered in aggravation must directly relate to or result from the offenses in order to be admissible. The documents at issue were not submitted as matters in aggravation, however. They were offered by the trial counsel as excerpts from the member s personal data record. Such an offer is governed by R.C.M. 1001(a)(1)(A)(ii) and R.C.M. 1001(b)(2), and includes any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused. By their very nature, such records frequently include uncharged misconduct, but, nevertheless, are admissible. Contrary to Appellant s assertion, the three documents that were admitted may well have been from personnel records as defined in Section C, Chapter 4 of the Coast Guard s Military Justice Manual and, thus, would be admissible under R.C.M. 1001(b)(2).

In any event, even if the asserted failings of defense counsel were seen to be errors on his part, we find that such errors do not rise to the level required by the standards for determining ineffectiveness of counsel. *Strickland v. Washington,* 466 U.S. 668 (1984) and *U.S. v. Scott*, 24 M.J. 186 (C.M.A. 1987). Accordingly, Appellant s assignment of error is rejected. We have reviewed the record pursuant to Article 66, UCMJ, and have determined that the findings and sentence are correct in law and fact, and, on the basis of the entire record, should be approved. Accordingly, the findings and sentence as approved and partially suspended below are affirmed.

For the Court,

//s//

Brian A. Johnson
Clerk of the Court